UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

_____**District Court**

| | |
|---|---|
| Mr. Michael Moates, MA, QBA, LBA, Plaintiff  v.  Michael Arismendez, in his capacity as Executive Director of the Texas Department of Licensing and Regulation;  Texas Department of Licensing and Regulation; and  Behavior Analyst Certification Board; | Case No.:  **ORAL ARGUMENT REQUESTED** |

# OBJECTION TO THE RECCOMMENDATION OF THE MAGISTRATE JUDGE FINDINGS AND MOTION TO SET ASIDE

**A. OBJECTIONS TO THE REPORT:**

1. When considering the motion to proceed in forma pauperis, the magistrate judge failed to even evaluate the circumstances of the afraid provided. Judge Cureton states that the basis to deny the Plaintiffs' application for leave to proceed in forma pauperis is based on his income of $2,600. However, if he had looked at the Plaintiffs income for the last 12 months, he would have noticed that he was unemployed, and the income was 0. Further, the Plaintiff lost his previous job because of the COVID 19 pandemic.

2. Expecting to make $2,600 this month given the Plaintiffs new job, does not account for the circumstances of catching up on past payments due to unemployment, it does not factor in the cost of resources needed to work at home, it does not factor in health insurance, car payments, rent, phone bill, auto insurance, utilities, food, clothing, transportation, etc.

3. Further, the Plaintiff simply does not have the funds to pay. It would be a grave miscarriage of justice to deny him the right to proceed in court because he would be unable to proceed and thus be forced to have the claim dismissed. This would of course be after all appeals are exhausted.

4. The Magistrate Judge calculates the Plaintiffs income based on the poverty level. But the Plaintiff has not even made $5,000 in the last year. Further, the Plaintiff must catch up on previous bills and past due payments. The Plaintiff has been relying on loans to pay his bills where possible. In his legal analysis, he does not even evaluate the expenses the Plaintiff is facing. He starts with $2,600 and after all deductions ends with $-157.00. This does not include the costs he has already received from the Defendants in this case.

5. The Plaintiff request the District Judge set aside the Recommendations of the Magistrate Judge and grant the application to proceed in forma pauperis. In the alternative, the Plaintiff requests the District Judge hold a hearing on the matter. The Plaintiff submits that the Magistrate Judge did not consider all of the facts or circumstances and that working for one month after being unemployed for the last year does not give the Plaintiff the resources needed to proceed in this action.

6. 28 U.S.C. § 1915(a)(1). "The mere execution of an affidavit of indigence does not automatically entitle a litigant to proceed *in forma pauperis*. Rather, the court enjoys limited discretion to grant or deny a motion for leave to proceed *in forma pauperis* based upon the financial statement set forth within the applicant's affidavit." *Heath v. I.R.S.*, No. 3-02-CV-1518-H, 2002 WL 31086069, *1 (N.D. Tex. Sept. 16, 2002) (citing Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 337 (1948); Green v. Estelle, 649 F.2d 298, 302 (5th Cir. Unit A June 1981); 28 U.S.C. § 1915(a)). A plaintiff who wishes to proceed in forma pauperis must file an affidavit attesting to his indigency. See 28 U.S.C. § 1915(a)(1). "The affidavit is sufficient if it states that, due to poverty, plaintiff cannot afford to pay the costs of legal representation and still provide for himself and his dependents." Bright v. Hickman, 96 F. Supp. 2d 572, 575 (E.D. Tex. 2000) (citing Adkins, 335 U.S. at 339; Weber v. Holiday Inn, 42 F. Supp. 2d 693, 697 (E.D. Tex. 1999)). "While plaintiff does not need to be absolutely destitute to qualify for in forma pauperis status, such benefit is allowed only when plaintiff cannot give such costs and remain able to provide for himself and his dependents."

7. Here the Plaintiff has shown that he would not have the ability to pay court costs and provide for himself, therefore, requests the court grant the application. Should this status change, the Plaintiff commits to notifying the court in writing.

- 4 -

**Respectfully Submitted,**

**/s/ Michael S. Moates, MA, QBA, LBA**

michael@gibpe.org

michaelsmoates@gmail.com

2700 Colorado Boulevard #1526

Denton, TX 76210

Cell Phone: 817-999-7534

Case 4:22-cv-00262-P   Document 7   Filed 04/06/22   Page 4 of 4   PageID 54