UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**MICHAEL MOATES,**

    Plaintiff,

v.                                              No. 4:22-cv-0262-P

**TEXAS DEPARTMENT OF LICENSING AND REGULATION ET AL.,**

    Defendants.

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On April 5, 2022, Plaintiff Michael Moates filed a Motion for Leave to Proceed in Forma Pauperis ("Motion"). ECF No. 2. The Motion states that Moates currently receives $2,600 in monthly income. *Id.* Because Moates's yearly income—based on this reported monthly income—is significantly higher than the poverty level, the United States Magistrate Judge recommended that the Court deny the Motion. *Id.*

In response, Moates filed a timely Objection arguing that "the Magistrate Judge did not consider all of the facts or circumstances and that working for one month after being unemployed for the last year does not give the Plaintiff the resources needed to proceed in this action." ECF No. 7. Having considered the Objection and applicable law, the Court concludes that the Findings and Conclusions of the Magistrate Judge are correct.

Moates's focus on his previous unemployment is misplaced. For the purposes of proceeding in forma pauperis, the "relevant inquiry is the state of the [individual's] finances at the time of filing." *Miller v. Hardy*, 497 F. App'x 618, 620 (7th Cir. 2012); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) ("When considering a motion filed pursuant to § 1915(a), the only determination to be made

by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.").

Here, Moates's Motion states that he has an income of $2,600 a month. This equates to more than $31,000 in annual income, which is significantly higher than the applicable poverty guideline for a family of one.[1] Thus, because Moates's income *at the time of filing* is higher than the applicable poverty guideline, the Court concludes that Moates has sufficient resources available to pay the applicable fees.

Having conducted a *de novo* review—in accordance with 28 U.S.C. § 636(b)(1)—of the Magistrate Judge's Findings, Conclusions, and Recommendation, the undersigned District Judge agrees with the Magistrate Judge. The Court therefore accepts them as the Findings and Conclusions of the Court. Accordingly, it is **ORDERED** that Plaintiff Michael Moates's Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) should be, and is hereby, **DENIED.**

It is further **ORDERED** that Plaintiff pay to the Clerk of the Court the filing and administrative fees of $402[2] **on or before April 21, 2022.** Failure of Plaintiff to comply will result in the dismissal of this case without prejudice without further notice.

**SO ORDERED** on this **18th day** of **April, 2022.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[1] *See HHS Poverty Guidelines for 2022*, OFF. OF THE ASSISTANT SEC'Y FOR PLAN. & EVALUATION (Jan. 12, 2022), https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines.

[2] In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule requires payment of an administrative fee for filing a civil action in district court of $52. *See* 28 U.S.C.§ 1914(a); District Court Miscellaneous Fee Schedule, n.14.