UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**MICHAEL MOATES,**

   Plaintiff,

v.   No. 4:22-cv-0262-P

**TEXAS DEPARTMENT OF LICENSING AND REGULATION ET AL.,**

   Defendants.

# ORDER

Before the Court is Plaintiff Michael Moates's Motion to Appoint Counsel (ECF No. 3); Motion for Preliminary Injunction (ECF No. 8); Motion for Permission to Appeal in Forma Pauperis (ECF No. 12); and Motion to Stay and Reconsider (ECF No. 13). As explained below, the Court denies each motion.

## A. Motion to Appoint Counsel

There is no right to the appointment of counsel in a civil rights action filed by a litigant proceeding *pro se. E.g., Hulsey v. State of Tex.*, 929 F.2d 168, 172 (5th Cir. 1991); *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). In exceptional circumstances, however, counsel may be appointed. *Id. T*o determine whether such exceptional circumstances exist, courts consider the following factors:

(1) the type and complexity of the case;
(2) whether the plaintiff is capable of adequately representing himself;
(3) the plaintiff's ability to adequately investigate and present his case;
(4) the presence of evidence which consists largely of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination; and

> (5) the likelihood that appointment will benefit the plaintiff, the court, and the defendants by shortening the trial and assisting in a just determination.

*Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Ulmer*, 691 F.2d at 213.

A review of the Complaint (ECF No. 1) reveals that Plaintiff has adequately presented the operative facts underlying his claims for relief. Further, the motions filed by Plaintiff indicate that he possesses a sufficient understanding of court procedures. Thus, Plaintiff seems capable of adequately representing himself in this litigation. Moreover, there are no complex issues of fact or law in this dispute which would require the skill of an attorney to litigate. And, at this time, it does not appear likely that appointment of counsel would shorten the litigation process or assist in a just resolution of the Complaint.

Although Plaintiff has a difficult burden to meet, all *pro se* plaintiffs who bring civil rights actions face a similar challenge. Plaintiff has failed to establish exceptional circumstances to warrant appointment of counsel at this time. The Court therefore **DENIES** the Motion to Appoint Counsel. ECF No. 3.

**B. Motion for Preliminary Injunction**

To be entitled to a preliminary injunction, a movant must establish: (1) a likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest. *Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015) (quoting *Trottie v. Livingston*, 766 F.3d 450, 451 (5th Cir. 2014)).

If a party fails to satisfy any one of the four essential elements, a district court may not grant a preliminary injunction. *Miss. Power & Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618, 621 (5th Cir. 1985). A preliminary injunction is an "extraordinary and drastic remedy" that is to be granted "only when the movant, by a clear showing, carries the burden of persuasion" as to each element. *Digital Generation, Inc. v.*

*Boring*, 869 F. Supp. 2d 761, 772 (N.D. Tex. 2012) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)).

Here, Plaintiff failed to address three of the essential elements required for a preliminary injunction. *See generally* ECF No. 8. Further, based on the prayer for relief, it appears that Plaintiff seeks a mandatory injunction, which requires him to meet an even high burden. Plaintiff has therefore failed to establish the essential elements required for injunctive relief. The Court thus **DENIES** the Motion for a Preliminary Injunction. ECF No. 8.

## C. Motion for Permission to Appeal in Forma Pauperis

On April 18, 2022, Plaintiff filed two Notices of Interlocutory Appeal. *See* ECF Nos. 11, 12. The Court construes the second Notice as a Motion for Permission to Appeal in Forma Pauperis.

Determining whether to permit or deny an applicant to proceed in forma pauperis is within the sound discretion of the Court. 28 U.S.C. § 1915(a); *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Courts should consider whether payment of the filing fee will result in the petitioner "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Attached to this Notice is an affidavit that is substantially similar to the affidavit attached to Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 2), which the Court previously denied. *See* ECF Nos. 6, 10. Following a complete review of the applicable filings, the Court concludes that Plaintiff has sufficient income to pay the filing fee in this case without suffering undue financial hardship.

Accordingly, in the Court's sound discretion, and for the reasons stated in the Court's previous Order denying leave to proceed in forma pauperis, the Court **DENIES** the Motion for Permission to Appeal in Forma Pauperis. ECF No. 12.

3

**D. Motion to Stay and Reconsider**

"The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the Court's] discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). To determine whether to grant a stay pending appeal, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he [or she] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Campaign for S. Equality v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014) (quoting *Veasey v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014)). But when "evaluating these factors, this court has refused to apply them 'in a rigid . . . [or] mechanical fashion.'" *Id.* (quoting *United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 39 (5th Cir. 1983)).

Granting or denying a stay requires courts to exercise discretion, balancing the four factors set out above. *Nken*, 556 U.S. at 433–34. A court must thoughtfully consider these factors because "'a stay is an intrusion into the ordinary processes of administration and judicial review' and a party is not entitled to a stay as a matter of right." *Bryant*, 773 F.3d at 57 (quoting *Nken*, 556 U.S. at 427).

A Motion for Reconsideration, however, is governed by Federal Rule of Civil Procedure 59(e) when it "seeks reconsideration of an interlocutory order." *Pounds v. Katy Indep. Sch. Dist.*, 730 F. Supp. 2d 636, 641 (S.D. Tex. 2010) (citation omitted). "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Therefore, "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

Here, Plaintiff wholly failed to discuss the appliable standard for granting a stay. Further, Plaintiff does not point to any manifest error

of law or fact or any newly discovered evidence as a basis for the Court to grant reconsideration. The Court therefore concludes that he has not met his burden of showing that the circumstances justify an exercise of the Court's discretion to grant a stay or to grant reconsideration. Accordingly, the Court **DENIES** the Motion to Stay and Reconsider. ECF No. 13.

**SO ORDERED** on this **21st day** of **April, 2022.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE